UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20346-JEM

UNITED STATES OF AMERICA

vs.

**MARCOS TOMAS PEREZ,**

Defendant.

_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Marcos Tomas Perez (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to the sole Count of the Information, which count charges the Defendant with Transportation of Stolen Goods in violation of Title 18, United States Code, Section 2314 (Count 1).

2. The Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged. Understanding this right, and after full and complete consultation with his counsel, the Defendant agrees to waive in open court his right to prosecution by indictment and agrees that the United States may proceed by way of an information to be filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 per count. The Court may also order forfeiture and restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the

special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement,

including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the

Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

11. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

(a) That the base offense level is 6, pursuant to Section 2B1.1(a)(2);

(b) That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is more than $1,500,000 and less than $3,500,000, resulting in an increase of 16 levels pursuant to 2B1.1(b)(1)(J).

(c) That the offense involved receiving stolen property, and the Defendant was a person in the business of receiving and selling stolen property, resulting in an increase of 2 levels pursuant to 2B1.1(b)(4).

12. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C). The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a forfeiture money judgment in the amount of proceeds that the Defendant derived from the commission of the offenses of conviction, substitute

property pursuant to 21 U.S.C. § 853(k), and directly forfeitable property, including but not limited to:

- a. Pair of sneakers, white, pink, and orange in color with handwritten note including "Butler Game Used"
- b. (U) Pair of sneakers, white, red, and black in color with handwritten note including "Game Used"
- c. (U) Pair of sneakers, white, red, and black in color with handwritten note including "Game Used"
- d. (U) Pair of green, red, and black sneakers with handwritten note including "Jimmy Butler Game Used"
- e. (U) Pair of Adidas shoes, white, red, and black in color with photo and handwritten note "Kyle Lowry vs Boston 5/25/22 ECF-Game #5"
- f. (U) Pair of blue shoes with photo and handwritten note "Butler Game Worn Shoes"
- g. (U) Pair of Nike neon colored shoes with handwritten note "Herro Games Used"
- h. (U) Pair of Nike maroon, black and white shoes with handwritten note "4/14/23 vs Bulls in MIA"
- i. (U) (1) Framed white jersey bearing Mourning and 33 with signature and photo
- j. (U) (1) Framed black jersey bearing Wade and 3 with signature
- k. (U) (1) Framed blue jersey bearing Herro and 14 with signature
- l. (U) (1) Framed blue jersey bearing Butler and 22 with signature
- m. (U) (1) Framed black jersey bearing Wade and 3 with signature
- n. (U) (1) Framed white jersey bearing Wade and 3 with signature
- o. (U) (1) Framed pink jersey bearing Wade and 3 with signature
- p. (U) (1) Framed black jersey bearing Flash and 3 with signature
- q. (U) (1) Framed blue All-Star jersey bearing Wade and 3 with signature
- r. (U) (1) Framed blue All-Star jersey bearing Bosh and 1 with signature
- s. (U) (1) Framed blue jersey bearing James and 6 with signature
- t. (16) Miami Heat jackets
- u. (U) (1) Black El Heat Jersey bearing 3 and photo "Dwayne Wade Game Worn Jersey March 9, 2009" in acrylic case
- v. (U) (1) Framed black jersey bearing Wade and 3 with signature and photos
- w. (U) (2) White Heat jerseys bearing Wade and 3
- x. (U) (4) Black Heat hooded sweatshirts
- y. (U) (1) Black short sleeved shirt bearing Wade and 3
- z. (U) (3) White Lebron James jerseys
- aa. (U) (1) Black long sleeved Miami Heat 2012 Finals shirt
- bb. (U) (1) Sneaker, white and red colored in box with photo and signature
- cc. (U) (1) Framed red jersey bearing Winslow and 20 with signature
- dd. (U) (1) Framed grey jersey bearing Wade and 3 with signature
- ee. (U) (1) Framed white jersey bearing Waiters and 11 with signature
- ff. (U) (1) Framed black jersey bearing Whiteside and 21 with signature
- gg. (U) (1) Framed red jersey Bearing Wade and 3 with signature

| | |
|---|---|
| hh. | (U) (1) Framed black jersey Bearing Adebayo and 13 with signature and 2024 All-Star name tag bearing Bam Adebayo |
| ii. | (U) (1) Framed black jersey with signature and photo |
| jj. | (U) (1) Framed black jersey bearing O'Neal and 32 with signature" |
| kk. | (U) (1) Framed red jersey bearing Haslem and 40 with signature |
| ll. | (U) (1) Framed red jersey bearing James and 6 with signature |
| mm. | (U) (1) Framed red jersey bearing Wade and 3 with signature |
| nn. | (U) (1) Framed red jersey bearing Bosh and 1 with signature |
| oo. | (U) (1) Sneaker, black, white and red in color in box with photo and signature in box |
| pp. | (U) (1) Sneaker, black, white and red in color in box with photo and signature in box |
| qq. | (U) (1) Sneaker, black, white and red in color, with signature and photo in box |
| rr. | (U) (1) Sneaker, black and red in color, dated 3-1-14 and signed with photo in box |
| ss. | (U) (1) Sneaker, blue, black, and orange in color in box with photo and signature |
| tt. | (U) (1) Sneaker, white and red colored in box with signature |
| uu. | (U) (1) Left Sneaker bearing Shaq, white black and blue colored in box with photo |
| vv. | (U) (1) Black El Heat short sleeve shirt bearing James and 6 |
| ww. | (U) (1) Black short sleeve Miami Heat shirt with label bearing #3 and Wade |
| xx. | (U) (1) Red short sleeved jersey bearing James and 6 |
| yy. | (U) (2) White 2014 The Finals Miami Heat short sleeved shirts |
| zz. | (U) (2) 2013 Championship short sleeve shirts |
| aaa. | (U) (3) White 2013 The Finals long sleeved shirts |
| bbb. | (U) (2) White 2013 Finals Jackets |
| ccc. | (U) (1) Black Courtside Miami Heat Jacket |
| ddd. | (U) (2) Black Miami Heat jerseys with hangers, (1) bearing Wade and 3 and (1) bearing Allen and 34 |
| eee. | (U) (1) Black Miami Heat jersey bearing Gary Payton on hanger with authentication paperwork, except for garment bag |
| fff. | (U) (1) White Heat championship jacket with hanger and 15 handwritten inside |
| ggg. | (U) (1) White 2013 NBA Champ jacket with hanger and a black envelope |
| hhh. | (U) (1) Framed jersey bearing Haslem and 40 with signature |
| iii. | (U) (1) Black framed jersey bearing Anderson and 11 with signature |
| jjj. | (U) (1) Framed jersey bearing Whiteside and 21 with signature |
| kkk. | (U) (1) Black Size 46 Miami Heat Jack bearing 35 on the sleeve |
| lll. | (U) (3) Black garment bags |
| mmm. | (U) (3) Miami Heat Size XL sweatshirts: (2) black, (1) green |
| nnn. | (U) (35) bagged jerseys, (4) jackets, and (2) shorts |
| ooo. | (U) (84) bagged jerseys, (15) jackets, and (3) shorts |
| ppp. | (U)(17) bagged jerseys |
| qqq. | (U) (13) bagged jerseys and (2) shorts |
| rrr. | (U) (12) bagged jerseys and (1) shorts |
| sss. | (U) (14) bagged jerseys and (2) shorts |
| ttt. | (U) (1) bagged jerseys and (2) shorts |

| | |
|---|---|
| uuu. | (U) (13) bagged jerseys and (1) pair of shorts |
| vvv. | (U) (1) Black Heat jersey bearing Butler 22 on hanger with black envelope |
| www. | (U) (1) White Miami Heat long sleeved jacket size XL |
| xxx. | (U) (1) White Heat jersey bearing Butler 22 on hanger with black envelope |
| yyy. | (U) (1) White 2014 Heat shirt bearing Bosh 1 size 3XL |
| zzz. | (U) (1) White 2014 Heat shirt bearing Bosh 1 size 3XL |
| aaaa. | (U) (1) Red Miami Heat jersey bearing Bosh 1 and Shorts on hanger with NBA authentication database printout |
| bbbb. | (U) Clear box containing (11) pairs of shoes |
| cccc. | (U) (1) Pair black Miami Heat shorts labeled with #17 Tucker |
| dddd. | (U) (3) Red Chinese New Year Celebration NBA jerseys |
| eeee. | (U) Framed white jersey bearing James #6 with signature |
| ffff. | (U) (2) Bagged shirts with label bearing #14 Herro |
| gggg. | (U) (2) Bagged shirts with label bearing #14 Oladipo |
| hhhh. | (U) (2) White Shorts: (1) size XL bearing the name Adebayo and (1) size (L) no name |
| iiii. | (U) (1) Black Shorts size XXL bearing the name Haslem |
| jjjj. | (U) (2) Bagged red Miami Heat shirts/jerseys |
| kkkk. | (U) (4) Bagged blue and white Miami Heat shirts with a handwritten note "Blank Jerseys" |
| llll. | (U) (2) Green Shorts: (1) size XL bearing the name Wade and (1) size (3XL) bearing the name Bosh |
| mmmm. | (U) White Heat jersey bearing the name Adebayo, with signature |
| nnnn. | (U) (1) Bagged Miami Heat Jersey bearing the name Winslow |
| oooo. | (U) USPS Priority Mail envelope with 'From' address: Marcos Perez, [address redacted] containing two (2) Miami Heat jerseys |

13. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, any assets involved in the offenses of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to

8

assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

15. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

16. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

17. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

18. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph two above, or should the Offices, in their sole discretion, determine that the Defendant has failed to fully comply with any of the terms of this plea agreement, the Offices will be released from its obligations under this agreement, and the Defendant agrees and understands that:

(a) the Defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the Defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by these Offices;

(c) the Defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of

time in filing an Indictment or Superseding Information, referred to herein, shall remain in full force and effect;

(d) the Defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the Defendant or the Defendant's representatives to any state or federal agency and/or these Offices; and

(e) the Defendant has adopted the entire factual basis as the defendant's statements, and the Defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

19.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

20. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 8/19/25    By: _____
ROBERT F. MOORE
ASSISTANT UNITED STATES ATTORNEY

Date: 8/19/25    By: _____
ROBERT C. BUSCHEL
ATTORNEY FOR DEFENDANT

Date: 9/19/25    By: _____
MARCOS TOMAS PEREZ
DEFENDANT