**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20346-MARTINEZ**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCOS TOMAS PEREZ,

        Defendant,

and

TROPICAL FINANCIAL CREDIT UNION,

        Garnishee.

_____/

### AMENDED ANSWER TO WRIT OF GARNISHMENT, DEMAND FOR ATTORNEYS FEES AND DESIGNATION OF EMAIL ADDRESSES

Garnishee, TROPICAL FINANCIAL CREDIT UNION (the "**Garnishee**") hereby files an amended answer to the *Writ of Garnishment* served on February 27, 2026 (the "**Writ**") and states:

1. The Garnishee has searched its records after a review of the information provided in the Writ and has determined that at the time of service of the Writ plus up to one (1) business day for the Garnishee to act expeditiously thereon, the time of this Answer, and at all times between such times, the Garnishee was indebted to *Marcos Tomas Perez* whose address on file is *10201 S.W. 105th Street, Miami, FL 33176-3525* by virtue of the following accounts:

    a. An account ending in **xxxxx6710** *(Miriam Perez, Primary Owner, Marcos Tomas Perez, Joint Owner)* which contains the sum of $10,742.83;

    b. An account ending in **xxxxx7110** *(Miriam Perez, Primary Owner, Marcos Tomas Perez, Joint Owner)* which contains the sum of $4,772.29;

    c. An account ending in **xxxxx7116** *(Miriam Perez, Primary Owner, Marcos Tomas Perez, Joint Owner)* which contains the sum of $20,709.66;

d. An account ending in **xxxxxx7200** *(Miriam Perez, Primary Owner, Marcos Tomas Perez, Joint Owner)* which contains the sum of $9,444.94; including a share pledge of $1.00;

e. An account ending in **xxxxxx1200** *(Miriam Perez, Primary Owner, Marcos Tomas Perez, Joint Owner)* which contains the sum of $7,601.44;

f. An account ending in **xxxxxx0352** *(Marcos Tomas Perez, Primary Owner)* which contains the sum of $1.00; including a share pledge of $1.00;

(collectively, the "**Garnished Accounts**").  However, account ending in **xxxxx7110** contains federal benefit payments deposited into the Garnished Account within the last (2) months in the total amount of **$2,480.00** which are exempt from garnishment pursuant to 31 CFR§ 212. Accordingly, only **$50,792.16** of the total funds contained in the Garnished Accounts has been retained by the Garnishee pursuant to the Writ (the "**Garnished Funds**").

2. An account was located in the name of *South Florida Signature Authenticators, Inc.,* whose address on file is *10201 S.W. 105th Street, Miami, FL 33176*, but it was closed prior to service of the Writ.

3. *Miriam Perez* (the "**Third Party**")"), either has, may have, and/or appears to have an interest in the Garnished Account and/or the Garnished Funds.  The Garnishee is in good faith doubt as to what portion of the Garnished Funds belongs to *Marcos Tomas Perez* or the Third Party and whether same is required by law to be included in this Answer or retained by the Garnishee.  Accordingly, the entirety of the Garnished Funds has been retained by the Garnishee pursuant to the Writ in accordance with section 77.06(3) of the Florida Statutes.

4. The Garnishee has deducted $100.00 from the Garnished Funds pursuant to an agreement with *Marcos Tomas Perez* which governs the terms of the Garnished Account

2

5.      The total dollar amount which is currently being held by the Garnishee pursuant to the Writ and disclosed in this Answer is **$50,690.16**.  To the extent that the Garnishor seeks the entry of a money judgment against the Garnishee which exceeds the amount set forth in this paragraph, then the Garnishee hereby demands an evidentiary hearing or trial, to be scheduled upon due notice only after good faith coordination with the undersigned counsel, on the issue of the amount of Garnishee's liability to any defendant named in the Writ.  Furthermore, in the event that the Garnishor initiates any discovery upon the Garnishee or otherwise challenges the assertions contained in this Answer, then the Garnishee hereby requests the assessment of costs and reasonable attorneys' fees, either directly from the Garnishor and/or as a setoff against any garnished funds of any defendant named in the Writ pursuant to Florida Statutes §77.28, or as otherwise permitted by law.

6.      Other than the review required by 31 CFR § 212.5, the Garnishee has no obligation to make, and has not made, a factual determination as to whether any portion of the Garnished Funds is subject to any exemption provided to any defendant named in the Writ by State or Federal law.

7.      The Garnishee has no tangible or intangible property of any defendant named in the Writ in its possession or control other than that which is already set forth in this Answer.

8.      The Garnishee does not know of any other person(s) indebted or who may be indebted to any defendant named in the Writ or who has or may have any of the property of any defendant named in the Writ in their possession or control.

9.      The Garnishee has been obligated to retain counsel in this matter and is required to pay its attorneys a reasonable fee, for which it is entitled to an award of fees as provided by §77.28, Florida Statutes.

3

10.     Unless an extension of the Writ, dismissal of the Writ, and/or motion for final judgment appears on the face of the docket as being filed within six (6) months following issuance of the Writ, the Credit Union shall deem the Writ automatically dissolved by operation of law in accordance with Fla. Stat. § 77.05(5) and  in that regard, reserves the right to release to its member(s) any funds which were held or required to be held pursuant to the Writ.

WHEREFORE, the Garnishee prays for the entry of an order directing disposition of the Garnished Funds, awarding the Garnishee its reasonable attorneys' fees, dissolving the Writ, and granting such other and further relief as this Court deems just and proper.

## DEMAND FOR IMMEDIATE PAYMENT OF $100 GARNISHMENT FEE AND RESERVATION OF RIGHT TO CLAIM ADDITIONAL FEES

Pursuant to § 77.28, Fla. Stat., Garnishee respectfully demands immediate payment from Garnishor of the $100.00 statutory fee for partial payment of its attorney fee which Garnishee has expended and/or agreed to expend in obtaining representation in response to the writ served in the above-styled cause.  Garnishor's payment should be made payable to: **"SHUTTS & BOWEN LLP,"** reference the case number in the above-styled cause and mailed to c/o Patrick G. Brugger, Esq., Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, Florida 33131. The Garnishee hereby specifically reserves, and does not waive, its right to claim any and all additional attorneys' fees which it is forced to incur in this matter, including, without limitation, any and all fees incurred by the Garnishee in connection with the collection of the $100 statutory fee if it is not paid by the Garnishor within thirty (30) days of hereof.

## DESIGNATION OF EMAIL ADDRESSES

Pursuant to Rule 2.516(b)(1)(A) of the Florida Rules of Judicial Administration, the Garnishee hereby designates cugarnishment@shutts.com as its primary email address and

4

pbrugger@shutts.com and rwilson@shutts.com as its secondary email addresses for service of court documents pertaining to the Garnishee in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that on *March 2, 2026*, a copy of the foregoing *Answer to Writ of Garnishment, Demand for Attorneys Fees and Designation of Email Addresses* was served *via electronic mail* upon all addresses provided on the Case Management/Electronic Case Filing Portal in the above-captioned matter, including Danielle N. Croke, Assistant U.S. Attorney, 500 S. Australian Avenue, 4th Floor, West Palm Beach, Florida 33401, Danielle.croke@usdoj.gov and *via U.S. Mail* upon:

Marcos Tomas Perez
10201 S.W. 105th Street
Miami, FL 33176

Miriam Perez
10201 S.W. 105th Street
Miami, FL 33176

Respectfully submitted,

Shutts & Bowen LLP
*Attorneys for Garnishee*
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Tel: (305) 358-6300 / Fax: (305) 347-7893
E-mail:  cugarnishment@shutts.com

Patrick G. Brugger (*pbrugger@shutts.com*)
Florida Bar No.: 035418

MIADOCS 31304205 1

5